UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JUAN DIAZ | Case No.: 6:20-cv-962 |
| Plaintiff, | |
| v. | |
| CARIBBEAN SUPERCENTER, INC. | |
| Defendant. | |

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff JUAN DIAZ by and through the undersigned counsel, hereby files this Complaint against the above-named Defendant, CARIBBEAN SUPERCENTER, INC.

## NATURE OF THE CASE

1.      This is an action brought by Plaintiff JUAN DIAZ, (hereafter "Plaintiff") against his former employer, Defendant CARIBBEAN SUPERCENTER, INC. (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      Plaintiff performed work for Defendant in excess of forty (40) hours in a workweek for which he was not compensated at one-and-a-half times his regular rate of pay.

3.      Defendant CARIBBEAN SUPERCENTER, INC. had a practice of paying

Plaintiff cash for hours worked over forty (40) in a workweek, at Plaintiff's

regular rate.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction conferred by 29 U.S.C.

§216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in the Orlando Division of the Middle District of Florida

under Local Rule 1.02 of the Local Rules of the Middle District of Florida.

Orange County has the greatest nexus with the cause because it is

where Plaintiff provided services and Defendant conducted business.

## PARTIES

6.      Plaintiff, JUAN DIAZ, a resident of Osceola County, was a former

employee of Defendant who worked at CARIBBEAN SUPERCENTER,

INC. located at 5111 West Colonial Drive, Orlando, Fl 32808.

7.      Plaintiff, JUAN DIAZ, was an employee as defined by the laws under

which this action is brought.

8.      Defendant CARIBBEAN SUPERCENTER, INC. was an employer as

defined by the laws under which this action is brought.

9.      Defendant CARIBBEAN SUPERCENTER, INC. operates a supermarket

in Orlando.

10.     Defendant CARIBBEAN SUPERCENTER, INC. is a corporation

organized and existing under and by virtue of the laws of Florida.

## COVERAGE

11.     Defendant CARIBBEAN SUPERCENTER, INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

12.     Defendant CARIBBEAN SUPERCENTER, INC. is engaged in the supermarket industry, and thus engaged in interstate commerce, *inter alia*, by selling food products online, handling goods moving in interstate commerce, and purchasing food and supplies manufactured outside the state of Florida. Defendant sells food and supplies in the stream of commerce and accepts payment from customers through credit cards and checks from banks located outside the state of Florida. Defendant also hosts one or more websites viewed by potential customers across state lines, and send faxes, emails, and other communications across state lines.

13.     Upon information and belief, CARIBBEAN SUPERCENTER's annual gross volume of sales exceeded $500,000/year at all relevant times.

14.     Defendant CARIBBEAN SUPERCENTER, INC. is an employer within the definition of the FLSA, 29 U.S.C. § 203.

15.     During the term of his employment, Plaintiff JUAN DIAZ was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

16. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

17. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

18. Plaintiff JUAN DIAZ was employed by Defendant CARIBBEAN SUPERCENTER, INC., from 2001 to March 2020.

19. Plaintiff was a Meat Department employee at the time of separation.

20. Plaintiff's duties included cutting and pricing meat.

21. Plaintiff was an hourly employee during the term of his employment.

22. Plaintiff's last hourly rate was $25.00 per hour.

23. During his employment with Defendant, Plaintiff was classified as non-exempt.

24. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

25. From 2017 to 2019 Plaintiff worked more than forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

26. Specifically, Plaintiff worked approximately 15 overtime hours a week until 2019. All overtime hours were paid at Plaintiff's regular rate which fluctuated between $25.00 to $27.50 per hour in the last three years.

27.   Plaintiff's overtime hours were not included in his payroll checks. From 2017 until 2019 Plaintiff's biweekly checks usually stated 70 hours a week.

28.   Considering the hours worked, the cash overtime payment (at regular rate), and the hours stated in the checks, Defendant CARIBBEAN SUPERCENTER, INC. was fully aware that Plaintiff was working more than forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

29.   Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

30.   Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is currently unknown.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

31.   Plaintiff JUAN DIAZ re-alleges and incorporates the allegations contained in Paragraphs 1 through 30 above.

32.   Defendant CARIBBEAN SUPERCENTER, INC. failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

33.   Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

34.    As a result of Defendant's willful violation of the FLSA, Plaintiff JUAN

DIAZ is entitled to damages, liquidated damages, pre-judgment interest,

attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JUAN DIAZ respectfully requests judgment against

Defendant CARIBBEAN SUPERCENTER, INC., and the following damages:

a.  Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b.  Liquidated damages in an amount equal to the overtime compensation

owed in accordance with 29 U.S.C. § 216(b);

c.  Pre-judgment interest;

d.  Attorneys' fees and costs as provided by 29 U.S.C. § 216(b); and

e.  Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

35.    Plaintiff requests a jury trial to the extent authorized by law.

Dated: June 3, 2020                    Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
3980 Tampa Rd., Suite 205
Oldsmar, Florida 33677
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 813.603.4500
🖑 WagesDue.com

<u>s/ Cynthia Gonzalez</u>
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com