## FLSA SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") covers all understandings between **JUAN DIAZ** (hereinafter referred to as "Plaintiff") and Defendant **CARIBBEAN SUPERCENTER, INC.** (hereinafter referred to as "Defendant").

**WHEREAS** Plaintiff filed a Complaint against Defendant in the United States District Court in and for the Middle District of Florida, styled *Diaz v. Caribbean Supercenter, Inc.*, Case No.: 6:20-cv-00962-CEM-DCI

**WHEREAS**, the Parties wish to amicably resolve the above case.

**NOW THEREFORE**, in consideration of the mutual promises, mutual releases, and covenants contained herein, the Parties have agreed as follows:

1. For and in consideration of the promises made by Plaintiff, Defendant agrees to pay Plaintiff the following amounts, 10 business days after court approval of the settlement.

    a. Two checks payable to **Juan Diaz**, divided as follows:
        i. $4,147.50 for wages, less the applicable payroll withholdings. A W-2 form will be issued.
        ii. $4,147.50 for liquidated damages. A form 1099 will be issued.

    b. One check made payable to **Cynthia Gonzalez PA for $2,705.00** which is payment for Plaintiff's attorney's fees ($2,250) and costs ($455), which have been independently negotiated from Plaintiff's recovery. A Form 1099 will be issued.

2. Plaintiff agrees to release Defendant from all known and unknown FLSA and wage actions, claims, counter-claims, and/or liabilities, occurring on or before the effective date of this Agreement, related to the above referenced case.

3. The Parties agree that this Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with their attorneys. The Parties agree that the Agreement shall be construed as if the Parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

4. The Parties agree and acknowledge that this settlement is the compromise of disputed claims.

5. Any reference checks directed to Defendant will be responded to in a neutral manner. Defendant will only provide Plaintiff's dates of employment and last position held.

Doc ID: 9bacea79873018f5fd5a559cb640bfe3e84f09d9

6. This Agreement may be executed in counterparts, each of which (including duplicates, photocopies, faxes, or scans of originals) so executed shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument.

7. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected.

8. This Agreement shall be interpreted, governed, and conformed in accordance with the laws of the State of Florida. In the event that any party breaches any provision of this Agreement, the Parties affirm that they may institute an action to specifically enforce any term or terms of this Agreement. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action.

DATE: 07 / 29 / 2020           Signature: _____
                                          JUAN DIAZ


DATE: _____          Signature: _____
                                          On behalf of CARIBBEAN SUPERCENTER, INC.
                                          Print name: _____

Doc ID: 9bacea79873018f5fd5a559cb640bfe3e84f09d9

## FLSA SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") covers all understandings between **JUAN DIAZ** (hereinafter referred to as "Plaintiff") and Defendant **CARIBBEAN SUPERCENTER, INC.** (hereinafter referred to as "Defendant").

**WHEREAS** Plaintiff filed a Complaint against Defendant in the United States District Court in and for the Middle District of Florida, styled *Diaz v. Caribbean Supercenter, Inc.*, Case No.: 6:20-cv-00962-CEM-DCI

**WHEREAS**, the Parties wish to amicably resolve the above case.

**NOW THEREFORE**, in consideration of the mutual promises, mutual releases, and covenants contained herein, the Parties have agreed as follows:

1. For and in consideration of the promises made by Plaintiff, Defendant agrees to pay Plaintiff the following amounts, 10 business days after court approval of the settlement.

   a. Two checks payable to **Juan Diaz**, divided as follows:
      i. $4,147.50 for wages, less the applicable payroll withholdings. A W-2 form will be issued.
      ii. $4,147.50 for liquidated damages. A form 1099 will be issued.

   b. One check made payable to **Cynthia Gonzalez PA for $2,705.00** which is payment for Plaintiff's attorney's fees ($2,250) and costs ($455), which have been independently negotiated from Plaintiff's recovery. A Form 1099 will be issued.

2. Plaintiff agrees to release Defendant from all known and unknown FLSA and wage actions, claims, counter-claims, and/or liabilities, occurring on or before the effective date of this Agreement, related to the above referenced case.

3. The Parties agree that this Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with their attorneys. The Parties agree that the Agreement shall be construed as if the Parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

4. The Parties agree and acknowledge that this settlement is the compromise of disputed claims.

5. Any reference checks directed to Defendant will be responded to in a neutral manner. Defendant will only provide Plaintiff's dates of employment and last position held.

6. This Agreement may be executed in counterparts, each of which (including duplicates, photocopies, faxes, or scans of originals) so executed shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument.

7. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected.

8. This Agreement shall be interpreted, governed, and conformed in accordance with the laws of the State of Florida. In the event that any party breaches any provision of this Agreement, the Parties affirm that they may institute an action to specifically enforce any term or terms of this Agreement. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action.

DATE: _____  Signature: _____
JUAN DIAZ

DATE: 7/24/20  Signature: _Moonoo_____
On behalf of CARIBBEAN SUPERCENTER, INC.
Print name: NARANWAT MOONAIM